■ ˙ SAKARIS HAEGELAND, Appellant, v JOHN J. MASSA, Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated August 7, 1979, which granted defendant's motion to vacate a default judgment against him. Order reversed, on the law, with $50 costs and disbursements, the motion to vacate the default judgment is denied and the default judgment is reinstated. Special Term erred in allowing this defendant to reopen his default. The court properly found that plaintiff's delay in filing proof of service was a mere procedural irregularity to be corrected by an order *nunc pro tunc* (see *Reporter Co. v Tomicki,* 60 AD2d 947). However, Special Term erred in then finding the default judgment to be a nullity because it was entered on the same date that proof of service was filed. Once the filing of proof of service was deemed timely made, service was complete 10 days later (see CPLR 308, subd 4). Defendant was required to answer within 30 days thereafter (see CPLR 320, subd [a]). Defendant's time to answer expired some six months prior to entry of the default judgment. Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.

■ ˙ ANNA HOMBURGER, Respondent, v MAX GESCHWIND, Appellant.—In a malpractice action, defendant appeals from an order of the Supreme Court, Kings County, dated January 7, 1980, which (1) denied his motion to dismiss the action for failure to serve a complaint, and (2) granted plaintiff's cross motion to require him to accept the complaint. Order reversed, on the law, without costs or disbursements, defendant's motion to dismiss the action is granted and plaintiff's cross motion is denied. In opposing defendant's dismissal motion brought pursuant to CPLR 3012 (subd [b]), plaintiff failed to demonstrate a reasonable excuse for the delay and to establish the legal merit of her claim through evidentiary facts attested to by individuals with personal knowledge. Consequently, the denial of defendant's motion was an abuse of discretion *(Barasch v Micucci,* 49 NY2d 594). Gulotta, J. P., Cohalan, Margett and O'Connor, JJ., concur.