**WINDAC CORPORATION, A Texas corporation qualified to do business in Nebraska, Plaintiff,**

v.

**George A. CLARKE and Della M. Clarke, husband and wife, and Amoco Minerals Company, a Nebraska corporation, Defendants.**

No. CV81–0–563.

United States District Court, D. Nebraska.

Jan. 29, 1982.

Steven C. Smith, Gering, Neb., for plaintiff.

Wright & Simmons, Scottsbluff, Neb., for Clarkes.

Kelley, Wallace, Scritsmier, Moore, Romatzke & Byrne, North Platte, Neb., for Amoco.

## MEMORANDUM AND ORDER ON MOTION TO REMAND

URBOM, Chief Judge.

The defendants George A. Clarke and Della M. Clarke have filed a petition for removal of this action from the District Court of Sioux County, Nebraska, to this court, pursuant to 28 U.S.C. § 1441. The plaintiff has filed a motion to remand, filing 7.

The Clarkes are citizens of Wyoming; the other defendant, Amoco Minerals Company, is a Nebraska corporation—a citizen of Nebraska for purposes of § 1441. The plaintiff is a Texas corporation, apparently, with its principal place of business in Texas—a Texas citizen for purposes of § 1441.

A problem arises, because Amoco Minerals is a citizen of Nebraska, which would normally defeat removal of the case

to this court. See 28 U.S.C. § 1441(b). When a defendant has not been "served," however, within the meaning of the statute, citizenship in the forum state does not defeat removal jurisdiction. See 28 U.S.C. § 1441(b); *Pecherski v. General Motors Corp.*, 487 F.Supp. 23, 25 (D.C.E.D.Mo.1980). The defendant Amoco has not been served in the sense of having a summons delivered to it, but instead has entered a voluntary appearance in the state district court. While the appearance was executed on October 1, 1981, it was not filed in the state district court until October 26, 1981, which, coincidentally, was the same date the petition for removal was filed in the Omaha office of the clerk of this court. Neither clerk's office made a notation of the time of the filing of either document. From affidavits submitted in this case, it appears that the petition for removal may have been filed before the voluntary appearance was filed. The removal petition was filed in Omaha, which is on Central Standard Time. The practices of the federal district court clerk's office make it very likely that the petition for removal was filed before 9:00 a. m., Central Time. The office of the clerk of the state district court does not open until 8:00 a. m. Mountain Standard Time, or 9:00 a. m. Central Time. Therefore, it appears that the petition for removal was filed at some time before the voluntary appearance was filed. A notice of removal, however, does not appear to have been filed in the state district court until at least one day later.

This set of facts presents a number of questions. First, does the entry of a voluntary appearance constitute service, as contemplated in § 1441? Second, if the appearance does constitute service, is the filing of the voluntary appearance effective to defeat removal? Third, may the defendant Amoco be ignored in all events, because it was not properly joined?

██ Although there is a dearth of case law on the subject, the reasonable interpretation of the statute is to equate a voluntary appearance with the concept of service found in § 1441(b). The determination I must make here is not altogether different from that made by the Court of Appeals for the Eighth Circuit in *Davis v. Standard Oil Co.*, 47 F.2d 48 (8th Cir. 1931). Under the predecessor of the present § 1441(b), the residence of any defendant in the state where the case was sought to be removed was adequate to defeat removal. See 1A *Moore's Federal Practice* ¶ 0.161[1] at 205 (2d ed. 1979). In *Davis*, it was necessary for the court to determine whether a party was a defendant. As a part of that determination the court looked to the fact that the party in question had entered a general appearance in a circuit court in Grundy County, Iowa. By deciding that the general appearance made the party a defendant and defeated removal, the Eighth Circuit found that the party should be taken into account in making the removability determination. On the basis of that, I find that a general appearance in this case operates in lieu of service on a defendant for purposes of removability under § 1441(b).

The second issue is whether the state district court may proceed with the case for some period of time after the petition for removal has been filed in federal court. From the affidavits and the notice for removal filed with this court, it appears that the state district court did not receive a notice of removal until after it had received and filed the voluntary appearance of Amoco. The notice of removal, filing 5, was filed in this court on October 28, 1981. The certificate of service attached to the notice indicates that it was mailed out on October 27, 1981, one day after the voluntary appearance was filed.

The removal statutes provide that the state courts may not proceed with a case after they have received notice of the removal. See 28 U.S.C. § 1446(d). In *Medrano v. Texas*, 580 F.2d 803, 804 (C.A. 5th Cir. 1978), the Court of Appeals for the Fifth Circuit upheld a state court conviction after a criminal trial, where the defendant had sought to remove a criminal action. The state court proceeding was held valid, because the state court had no notice of the attempted removal to federal court and had

jurisdiction to proceed, even through a complete trial, until it received notice of the removal. In *Hornung v. Master Tank & Welding Co.*, 151 F.Supp. 169, 172 (D.C.N.D. 1957), the court noted that "during the brief interlude between filing the Petition for Removal in federal court and the filing in state court a copy of such Petition, both courts have active jurisdiction.... [I]n the event of conflicting proceedings during the interlude before that filing, the federal jurisdiction predominates." See, also, *Donlan v. F. H. McGraw & Co.*, 81 F.Supp. 599, 600 (D.C.E.D.N.Y.1948).

In accord with the foregoing authorities, the Sioux County District Court could proceed to file the voluntary appearance. It had no notice of the federal removal until after the appearance was accepted and filed. In addition, the act of filing the voluntary appearance does not conflict with any action taken by the federal court, because no action had been taken by the federal court. Unless Amoco is shown to be fraudulently joined, the case becomes nonremovable with the filing of the appearance, because Amoco is a citizen of Nebraska who has been "served."

The final issue for resolution is whether the citizenship of Amoco should be considered when determining the removability of the action. Amoco's citizenship may be disregarded for purposes of determining removability "*only* where the joinder was made without any reasonable basis and was designed solely to defeat diversity or removal." *Dailey v. Elicker*, 447 F.Supp. 436, 437 (D.C.Colo.1978). I do not find that Amoco has been so joined. Amoco is the holder of a mineral lease on property which was conveyed from the defendants Clarke to the plaintiff Windac. The central, if not sole, question of substantive law presented by the lawsuit is whether the Clarkes retained the mineral rights or conveyed them to Windac. Amoco's lease comes from the Clarkes. Thus, the lawsuit directly affects Amoco's interest in the property. Furthermore, there is no evidence now before the court showing that Amoco holds the lease as a result of a sham transaction or a color-able claim—indicia of a conveyance to defeat removal jurisdiction. Accordingly, Amoco's citizenship should be taken into account for purposes of making the determination.

Because I have found that Amoco, a citizen of Nebraska, is a validly joined defendant which has been served within the meaning of 28 U.S.C. § 1441(b), this action is not removable to this court; the plaintiff's motion to remand will be granted.

IT THEREFORE HEREBY IS ORDERED that the plaintiff's motion to remand, filing 7, is granted and the case is remanded to the District Court of Sioux County, Nebraska.