■ SUSAN MINTZ, Appellant-Respondent, v FREDI GROSSMAN, Respondent-Appellant, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 21, 1988, which granted the defendant Fredi Grossman's motion to dismiss the complaint insofar as asserted against her, and Fredi Grossman cross-appeals from so much of the same order as declined to address all of the grounds asserted in support of the motion to dismiss.

Ordered that the cross appeal is dismissed (see, *Parochial Bus Sys. v Board of Educ.*, 60 NY2d 539); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent-appellant is awarded one bill of costs.

We find that the Supreme Court properly dismissed the complaint as asserted against the defendant Fredi Grossman, since the plaintiff never acquired in personam jurisdiction over Grossman. The record reveals that the plaintiff attempted to effect service upon Grossman by serving her husband with a summons alone, which neither contained nor had attached to it a notice stating the nature of the action and the relief sought, after the applicable Statute of Limitations had expired. Moreover, even if the summons had been served in a timely manner, dismissal would have, nevertheless, been warranted since there is no indication that Grossman's husband was authorized to accept service on her behalf as her agent (see, CPLR 318) and since service of a mere summons without a complaint and without a notice of the nature of the action and the relief sought, is in any event, jurisdictionally invalid (see, Parker v Mack, 61 NY2d 114).

Additionally, we note that the record supports the Supreme Court's conclusion that the plaintiff did not set forth a reasonable excuse for having failed to timely respond to Grossman's demands for a complaint (see, CPLR 3012 [b]; Kel Mgt. Corp. v Rogers & Wells, 64 NY2d 904; De Vito v Marine Midland Bank, 100 AD2d 530; Homburger v Geschwind, 75 AD2d 864). Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.