**Haji ZAINI, Individually and as the Representative of the Estate of Achmad Dhorif, et al., Plaintiffs,**

v.

**SHELL OIL COMPANY, et al., Defendants.**

**Civ. A. No. H–93–2790.**

United States District Court, S.D. Texas, Houston Division.

June 1, 1994.

John M. O'Quinn, O'Quinn Kerensky & McAninch, Houston, TX, for plaintiffs.

George Edward Pickle, Shell Oil Co., Houston, TX, for defendants.

## ORDER

HITTNER, District Judge.

Pending before the Court is the motion to remand (Document # 11) filed by plaintiffs Haji Zaini and others (collectively "plaintiffs"). Having considered the motion, the submissions on file, and the applicable law, the Court determines that the motion to remand should be granted.

Plaintiffs are the family and representatives of several vessel workers who were killed during an explosion on the vessel the Choon Hong III in June 1992. As a result of the explosion, plaintiffs instituted the instant action in Texas state court on December 7, 1992. The original petition was not served on the named defendants. Subsequently, on August 3, 1993, plaintiffs filed the first amended petition naming the following parties as defendants: Shell Oil Company, Shell Pipeline Corporation, Shell Export Company, Shell Investment Inc., Shell Offshore Inc., S.O.I. Royalties Inc., and Shell Energy Resources Inc. (collectively the "Shell defendants"). The first amended petition was served upon all named defendants. On August 31, 1993, the plaintiffs filed a second amended petition in which plaintiffs added the following defendants: Shell Malaysia Trading, Shell Refining Company, Shell Ti-

mur SDN BHD, Shell Internationale Petroleum, and Eximpet Enterprise (collectively the "foreign defendants"). To date, none of the foreign defendants have been served with the second amended petition.

On September 7, 1993, following plaintiffs' filing of the second amended petition, but prior to receiving notice of the second amended petition, the Shell defendants removed the instant action to federal court based on the diversity of the citizenship of the parties, alleging that certain Shell defendants were fraudulently joined to defeat diversity jurisdiction, and based on federal question jurisdiction under the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 et seq. Thereafter, on September 13, 1993, the Shell defendants received notice of the second amended petition and accordingly amended their notice of removal to include the foreign defendants. The Shell defendants did not allege in the amended notice of removal that the foreign defendants were fraudulently joined. Rather, the amended notice of removal states that the foreign defendants are "diverse in citizenship from all plaintiffs, and are entitled to remove this action." (See Document # 4). Through the instant motion to remand, plaintiffs request that the case be remanded to state court for lack of federal subject matter jurisdiction, arguing that no defendant was fraudulently joined and that a DOHSA claim is not removable based on federal question jurisdiction.

■ Plaintiffs are all citizens of either Malaysia or Indonesia. The foreign defendants are also aliens, as they were incorporated and have their principal places of business outside the United States. See 28 U.S.C. § 1332(c) (corporation is citizen of place of incorporation and of place where principal place of business is located). Federal diversity subject matter jurisdiction may not be invoked in a suit between aliens of the United States. Chick Kam Choo v. Exxon Corp., 764 F.2d 1148, 1149 (5th Cir.1985). Thus, federal diversity subject matter jurisdiction is lacking over the instant case as there are alien plaintiffs and alien defendants.

■ Initially, the Shell defendants argue that the Court should not consider the citizenship of the foreign defendants because they have not been served with process in this action. 28 U.S.C. § 1441(a) provides that a civil action is removable to federal court only if the federal district court would have original jurisdiction over that action had it been instituted in federal court. A federal district court has original jurisdiction over an action based on diversity only where there is complete diversity between the parties. In determining whether complete diversity exists, service on the defendants is irrelevant; rather, the Court simply considers the citizenship of all named defendants. Accordingly, the citizenship of the foreign defendants must be considered in determining whether complete diversity exists even though those defendants have not yet been served with process. Accord Coker v. Amoco Oil Co., 709 F.2d 1433, 1440 (11th Cir.1983); Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 & n. 6 (8th Cir.1981); Preaseau v. Prudential Insur. Co. of America, 591 F.2d 74, 78–79 (9th Cir.1979); Kelly v. Drake Beam Morin Inc., 695 F.Supp. 354, 357 & n. 1 (E.D.Mich. 1988).

■ The Court recognizes that 28 U.S.C. § 1441(b) provides that a civil action is removable to federal court only if none of the "properly joined and served" defendants is a citizen of the state in which the action was brought. However, § 1441(b) does not expand removal jurisdiction to allow removal where complete diversity exists between all served defendants, regardless of the citizenship of unserved defendants. On the contrary, § 1441(b) is a further limitation on removal jurisdiction, insofar as an action in which there exists complete diversity of citizenship is still not removable if a defendant is a citizen of the state in which the action was originally brought. Thus, the provision in § 1441(b) concerning joined and served defendants does not require the Court to disregard the citizenship of the foreign defendants in determining whether diversity jurisdiction exists even though those defendants have not yet been served with process. Accord Pecherski, 636 F.2d at 1160; Kelly, 695 F.Supp. at 357; Schwegmann Brothers Giant Super Markets Inc. v. Pharmacy Reports, Inc., 486 F.Supp. 606, 614 (E.D.La.

1980); *Armstrong v. Monex Int'l Ltd.,* 413 F.Supp. 567, 570 (N.D.Ill.1976).

▪ Moreover, in *Pullman v. Jenkins Co.,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939), the Supreme Court expressly held that the fact that a resident defendant, whose joinder in the action destroys diversity jurisdiction, has not been served with process does not justify removal by the non-resident defendant. The Shell defendants argue that *Pullman* is distinguishable from the instant case, insofar as *Pullman* involved an unserved *resident* defendant whereas this case involves unserved *alien* defendants. However, this is a distinction without a difference; both resident defendants and alien defendants are indistinguishable in the most significant respect insofar as both defendants destroy complete diversity. In this regard, for purposes of determining the existence of diversity jurisdiction, the relevant inquiry is not into the defendant's status as a "resident" or as a "non-resident," but into the defendant's status as "diverse" or "non-diverse." Both resident defendants and alien defendants are non-diverse; and, in both instances, removal is improper because diversity jurisdiction is lacking at the outset through the inclusion of non-diverse defendants.[1]

▪ Furthermore, as the Court noted in *Pullman,* although the diverse defendant may be prejudiced because the non-diverse defendant may not be served, "it is always open to the [diverse] defendant to show that the [non-diverse] defendant has not been joined in good faith." *Pullman,* 305 U.S. at 541, 59 S.Ct. at 350. Thus, the Shell defendants were entitled to argue that the foreign defendants were not joined in good faith. Accordingly, the citizenship of the foreign defendants will not be disregarded simply

because those defendants have not been served with process.

▪ The Court next considers the plaintiffs' argument that the Shell defendants are precluded from arguing that the foreign defendants were not joined in good faith or were fraudulently joined to defeat diversity jurisdiction by failing to make such allegation in the amended notice of removal. The Shell defendants failed to allege fraudulent joinder of the foreign defendants in the amended notice of removal. On the contrary, the notice of removal simply states that the foreign defendants are of diverse citizenship to the plaintiffs and are entitled to remove. Thus, there is an issue whether the Shell defendants' belated allegation of fraudulent joinder may be considered despite its absence from the notice of removal.[2] However, the Court need not resolve this issue because a review of the submissions on file reveals that the Shell defendants have failed to establish that the foreign defendants were joined in bad faith or fraudulently joined.

▪ In arguing that the foreign defendants were joined in bad faith, the Shell defendants contend that under the circumstances of the instant case, there should be a presumption of fraudulent joinder based on the plaintiffs' failure to effect service on the foreign defendants. In this respect, the Court notes that removal is construed restrictively so as to limit federal subject matter jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988) (citations omitted). Further, the removing defendant must sustain a heavy burden to establish fraudulent joinder. *Id.* In light of these principles, and considering that plaintiffs verified in open court their intention to serve the foreign defendants upon a ruling on the motion

---

1. As the Supreme Court noted in *Pullman,* it is appropriate to disregard *diverse* defendants that have not been served with process insofar as unserved, diverse defendants need not join in or sign the notice of removal, because complete diversity exists whether or not those diverse defendants are served with process. *Pullman,* 305 U.S. at 540, 59 S.Ct. at 350. On the contrary, it would be inappropriate to disregard the citizenship of *non-diverse* defendants that have not been served with process, because, *ab initio,* complete diversity does not exist.

2. Pursuant to 28 U.S.C. § 1653, the notice of removal may be amended to cure defective allegations of jurisdiction. However, after the 30–day removal period expires, § 1653 does not allow amendments to the notice of removal to add wholly new grounds for removal or to add missing allegations of jurisdiction. *See Aetna Casualty & Surety v. Hillman,* 796 F.2d 770, 776 (5th Cir.1986) (citations omitted).

to remain[3], this Court refuses to recognize a presumption that the foreign defendants were fraudulently joined simply because they have not been served. Thus, it was incumbent upon the Shell defendants to prove that the defendants were fraudulently joined.

Fraudulent joinder occurs when there is no possibility that the non-diverse party could be liable to the plaintiff in state court. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989). The Shell defendants bear the burden of proving fraudulent joinder by clear and convincing evidence. *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir.1990) (citation omitted). In determining whether the foreign defendants were fraudulently joined, the Court resolves all ambiguities and all disputed issues of fact in favor of the non-removing plaintiffs. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992) (citation omitted).

In the instant case, there is insufficient evidence to show that the foreign defendants were fraudulently joined. That is, the pleadings, submissions, and evidence on file do not clearly and convincingly lead to the conclusion that there is no possibility that the foreign defendants could be held liable to the plaintiffs in state court. On the contrary, the disputed factual issue concerning the foreign defendants' connection to the Choon Hong III explosion must be resolved in favor of the plaintiffs, and on that basis there is a possibility that the plaintiffs can establish that the foreign defendants are subject to liability to plaintiffs for their involvement in the incident. Thus, the action must be remanded as there exists a possibility that the foreign defendants could be found liable to plaintiffs. Accordingly, as the Shell defendants have failed to establish that the foreign defendants were fraudulently joined, the Court determines that federal diversity subject matter jurisdiction is lacking over the instant matter.[4]

Finally, the Court determines that federal question jurisdiction does not exist based on the Death on the High Seas Act ("DOHSA"), 46 U.S.C. § 761 *et seq.* While a claim under DOHSA may be originally cognizable in federal court, it does not necessarily follow that a DOHSA claim is *removable* to federal court. Rather, this Court reaffirms its holding in *Filho v. Pozos Int'l Drilling Services, Inc.*, 662 F.Supp. 94, 98 (S.D.Tex.1987), that DOHSA claims are not removable to federal court from state court absent the existence of diversity jurisdiction. *Accord De Bello v. Brown & Root, Inc.*, 809 F.Supp. 482 (E.D.Tex.1992).

Based on the foregoing, the Court

ORDERS that the motion to remand (Document # 11) is GRANTED.

---

3. The plaintiffs state that they are reluctant to serve process on the foreign defendants pending ruling on the motion to remand because they are concerned that service on the foreign defendants while the case is in federal court may be construed as a waiver of their rights to seek remand.

4. Having determined that the citizenship of the unserved, foreign defendants must be considered and that the Shell defendants have failed to establish that the foreign defendants were fraudulently joined, the issue of whether certain Shell defendants were fraudulently joined is moot.