**Allen L. EVERETT, Plaintiff,**

v.

**MTD PRODUCTS, INC., a corporation, Lowe's, Inc., a corporation and L.D. Everett, an individual, Defendants.**

CV No. 96–HM–2676–J.

United States District Court,
N.D. Alabama,
Jasper Division.

Nov. 21, 1996.

Zebulon P. Little, Aldridge & Associates, Birmingham, AL, D. Jeffrey Beaird, Beaird & Higgins, Jasper, AL, for Allen L. Everett.

David Glenn Hymer, Justin T. McDonald, Bradley Arant Rose & White, Birmingham, AL, for Lowe's Inc.

Teresa D. Davenport, McGarrah & Davenport P.C., Birmingham, AL, for L.D. Everett.

## MEMORANDUM OF DECISION

HALTOM, Senior District Judge.

This matter is before the Court on initial jurisdictional review and upon Plaintiff's Motion to Remand [filed November 14, 1996]. For the reasons which follow, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Walker County, Alabama for lack of subject matter jurisdiction.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 1996 Plaintiffs filed their Complaint in the Circuit Court of Walker County, Alabama alleging claims under the Alabama Extended Manufacturer's Liability Doctrine ["AEMLD"] of negligence, wantonness and breach of warranty against corporate Defendants MTD Products, Inc. ["MTD"] and Lowe's, Inc. ["Lowe's"] and claims of negligence and wantonness against the individual defendant L.D. Everett ["Everett"]. All of Plaintiff's claims arise out of the same set of facts and transactions—Plaintiff's use of an allegedly defective log splitter. Plaintiff's Complaint alleges injuries and damages including an amputation of

several fingers, a broken hand, mental anguish, permanent physical impairment, medical expenses, lost wages and permanent loss of earning capacity. Plaintiff demands judgment against Defendants for compensatory and punitive damages in the amount of $950,-000.00, jointly and severally.

Defendant Lowe's was served by certified mail on October 2, 1996. On October 15, 1996, corporate Defendant Lowe's [the only served Defendant] timely filed a Notice of Removal predicated on 28 U.S.C. § 1332(a)(1) [Diversity of citizenship and amount in controversy] alleging that it is a North Carolina corporation with its principal place of business in the State of North Carolina and that Plaintiff is a citizen of the State of Alabama.

On October 18, 1996, individual Defendant L.D. Everett [a resident of the State of Alabama] was served by the Walker County, Alabama Sheriff's Department. On October 22, 1996, the copy of the summons and complaint served by certified mail on corporate Defendant MTD was returned unexecuted.

## DISCUSSION

### I. THE RULE OF PULLMAN COMPANY v. JENKINS

■ At the time the non-resident Defendant Lowe's removed this case to this federal district court the resident defendant Everett had not been served with process in this non-separable controversy brought in state court by the Alabama resident plaintiff. The United States Supreme Court has long held that the fact that a resident defendant has not been served with process does not justify

removal by the non-resident defendants. *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939). *Pullman*[1] squarely holds that a federal district court in determining the propriety of removal based on diversity of citizenship must consider all named defendants, regardless of service.

Notwithstanding the clear precedent of *Pullman,* Defendant Lowe's argues that the citizenship of the unserved resident Defendant Everett may be disregarded by virtue of 28 U.S.C. § 1441(b). In support of this argument, Defendant Lowe's relies on the language of § 1441(b) and the United States District Court for the Northern District of Alabama's decision in *Mask v. Chrysler Corp.,* 825 F.Supp. 285, 288 (N.D.Ala.1993), *aff'd without opinion,* 29 F.3d 641 (11th Cir. 1994),[2] construing § 1441(b) to allow federal district courts to consider only the citizenship of those defendants which have been "properly joined and served." 28 U.S.C. § 1441(b) reads as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■ This Court does not find the alternative holding of *Mask* to be persuasive and therefore respectfully but firmly declines to follow this decision. The great weight of

---

1. In *Pullman Co. v. Jenkins,* 305 U.S. at 541, 59 S.Ct. at 350–51, the Supreme Court wrote:

   [W]here a non-separable controversy involves a resident defendant.... the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citizenship, and the controversy being a nonseparable one, the non-resident defendant should not be per-

mitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove.

2. Because the Eleventh Circuit affirmed *Mask* without a published opinion, the decision is not binding precedent in this circuit. 11th Cir.R. 36–2.

authority holds that § 1441(b) did not change the removal requirement set forth in *Pullman* that a federal district court in determining the propriety of a removal based on diversity of citizenship must consider all defendants, regardless of service. This view is well expressed in *Pecherski v. General Motors Corp.*, 636 F.2d 1156 n. 2 (8th Cir. 1981) (Jane Doe defendant, unserved); *Beritiech v. Metropolitan Life Ins. Co.*, 881 F.Supp. 557, 559–60 (S.D.Ala.1995) (Hand, J.) (two civil cases: motion to remand in one case filed after serving non-diverse defendant; motion to remand in other case before serving non-diverse defendant); *Zaini v. Shell Oil Co.*, 853 F.Supp. 960, 963–64 (S.D.Tex.1994) (citing *Pullman* and explaining that § 1441(b)'s real effect is to further limit removal by not allowing it where a defendant is a citizen of the forum state); *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354, 356–57 (E.D.Mich.1988) (non-diverse defendant, unserved); *Schwegmann Bros. Giant Super Markets, Inc. v. Pharmacy Reports, Inc.*, 486 F.Supp. 606, 614–15 (E.D.La.1980) (non-diverse defendant served after removal) (citing *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)); *see also Ward v. Metropolitan Life Ins. Co.*, No. CV–95–HM–1085–NW, 1995 WL 908687 (N.D.Ala., June 12, 1995) (Haltom, J.), *Parsons v. Dow Financial, Inc.*, No. CV–95–HM–3385–J, 1996 WL 774531 (N.D.Ala., Sept. 30, 1996) (Haltom, J.) *Roberts v. Webster, Home Cable Concepts & Bank One*, No. CV–95–1455–J, 1995 WL 908688 (N.D.Ala., July 12, 1995) (Haltom, J.).

The *Pullman* rule long ago enunciated by the United States Supreme Court thus remains the correct rule to follow today: "[W]here a non-separable controversy involves both a non-resident and a resident defendant, the fact that the resident defendant **has not been served with process does not justify removal by the non-resident defendants.**" 305 U.S. at 540–41, 59 S.Ct. at 350–51 (emphasis added). *Pullman* continues to be good law to this day. For this reason alone, the above-entitled non-separable civil action wherein the Plaintiff is a resident citizen of Alabama, the removing

Defendant Lowe's is a non-resident and the unserved resident defendant, L.D. Everett, was not served with process at the time of removal on October 15, 1996, is due to be remanded. And this Court so holds.

## II. ANALYSIS OF DEFENDANT'S FRAUDULENT JOINDER CLAIM

Federal district courts have original jurisdiction over cases in which diversity of citizenship exists and in which the amount in controversy exceeds fifty thousand dollars [$50,000.00] exclusive of interest and costs. 28 U.S.C. § 1332. In a state court action, if some defendants are of a different citizenship than the plaintiff but another defendant is of the same citizenship as the plaintiff, defendants may remove the action to federal district court and seek to invoke the court's diversity jurisdiction by maintaining that the non-diverse defendant was not properly joined as a defendant in state court. The removing parties bear the burden of proving that the non-diverse defendant was "fraudulently joined"—that is, either that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the resident defendant in state court or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983) (emphasis added); *Insinga v. La-Bella*, 845 F.2d 249, 253 (11th Cir.1988).

A plaintiff's motive for joining a resident defendant is immaterial, even if the defendant is judgment proof, or if a plaintiff is ultimately found not to have a cause of action. "Bad faith in bringing the action is not material; bad faith in the joinder is necessary." *Parks v. The New York Times Co.*, 308 F.2d 474, 477 (5th Cir.1962) (quoting *Moore's Commentary on the U.S. Judicial Code*, paragraph 0.03(35), p. 234–36).

A defendant has a high burden in establishing fraudulent joinder—it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith...." *Chesapeake & Ohio*

*Ry. Co. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914). A defendant must assert with particularity that a joinder is fraudulent and support the claim by clear and convincing evidence. *Parks v. New York Times Co.,* 308 F.2d 474, 478 (5th Cir.1962), *cert. denied,* 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969 (1964). Both parties may submit affidavits and/or deposition transcripts. *Coker,* 709 F.2d at 1440. The court must evaluate all disputed issues of fact and law in favor of the plaintiff. *Id.* "If there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Id.* at 1440–41.

█ In its Notice of Removal, Defendant Lowe's alleges that this Court should disregard the citizenship of resident Defendant L.D. Everett because Plaintiff fraudulently joined him in this civil action. This Court hereby finds and holds that Defendant Lowe's has not shown by clear and convincing evidence that there is no possibility that Plaintiff has stated a claim for negligence and/or wantonness against resident Defendant Everett. Defendant L.D. Everett was the owner of the allegedly defective log splitter that injured Plaintiff as well as the owner of the premises on which Plaintiff's injury occurred. Plaintiff has alleged in his Complaint and testified by Affidavit [filed with the Office of the Clerk of the Court simultaneously with and in support of his Motion to Remand] that on the date he was injured, he was, at the express invitation of Defendant L.D. Everett, helping Defendant Everett split wood on the defendant's premises. As an invitee, Defendant L.D. Everett owed Plaintiff a duty to exercise reasonable care to ensure that the premises were in a safe condition. Plaintiff has alleged facts which, if proved, would support a judgment against Defendant Everett based on negligence and/or wantonness.[3] *Quillen v. Quillen,* 388 So.2d 985 (Ala.1980).

Bearing in mind, as this Court must, the high burden imposed on Defendant in attempting to establish the fraudulent joinder of resident Defendant L.D. Everett, and resolving, also as this Court must, all factual and legal disputes in favor of Plaintiff, the Court concludes that the circumstances of this case do not support Defendant Lowe's charge of fraudulent joinder. Or stated otherwise, it is clear that Defendant has not established by clear and convincing evidence that Plaintiff cannot establish a cause of action against Defendant L.D. Everett. More than a "possibility" exists in the instant case that a state court would find that Plaintiff's Complaint states viable causes of action against Defendant L.D. Everett. Therefore, the Court concludes that Plaintiff's Motion to Remand is due to be granted on the grounds that clear and convincing evidence of fraudulent joinder has not been established by Defendant Lowe's in this civil action.

## CONCLUSION

For the reasons above stated, the Court finds and holds that Plaintiff's Motion to Remand is due to be granted. An appropriate order will be entered in the above entitled civil action contemporaneously with the entry of this Memorandum of Decision and consistent with the views herein expressed.

---

**3.** Defendant Lowe's alleges that the fact that Defendant Everett is a relative of Plaintiff contributes to their argument that Defendant Everett was fraudulently joined. The Court notes that Plaintiff's Affidavit identifies Defendant Everett as being his father; however, the Court does not find this fact relevant or dispositive to the determination of the issue of fraudulent joinder in this civil action.