Cathleen S. OTT, James R. Ott, individually and as Administrator of the Estates of Matthew James Ott, Deceased and Bradley Richard Ott, Deceased, and on behalf of the wrongful death heirs at law of Matthew James Ott, Deceased, Plaintiffs,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE and William M. Beard, Defendants.

Civil Action No. 3:01CV829LN.

United States District Court,
S.D. Mississippi,
Jackson Division.

April 16, 2002.

Robert L. McArty, Smith & McCarty, Jackson, MS, John P. Randolph, II, J. Peyton Randolph, II, Jackson, MS, for plaintiffs.

David C. Dunbar, Grover Clark Monroe, II, Wiley Johnson Barbour, Jr., Dunbar & Monroe, PLLC, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiffs Cathleen S. Ott, James R. Ott, individually and as administrator of the estates of Matthew James Ott, deceased and Bradley Richard Ott, deceased, and on behalf of the wrongful death heirs at law of Matthew James Ott, deceased, have moved to remand pursuant to 28 U.S.C. § 1447. Defendants Consolidated Freightways Corporation of Delaware and William M. Beard have responded in opposition to the plaintiffs' motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be denied.

On December 17, 1999, plaintiffs were involved in an automobile accident in Mississippi in which a tractor trailer owned by Consolidated and driven by its employee, James Beard, collided with the rear of a van occupied by plaintiffs, resulting in the death of Matthew James Ott and injuries to plaintiffs James Ott, Cathleen Ott and Bradley Richard Ott. On October 4, 2001, plaintiffs, citizens of Texas, filed suit in the Circuit Court of Hinds County, Mississippi, against Consolidated, a Delaware corporation, and against Beard, a citizen of Mississippi, alleging claims for negligence and gross negligence, and seeking to recover compensatory and punitive damages. On that same date, Consolidated was served with process, and on October 23, Consolidated and Beard, who at that time had not yet been served, filed a notice of removal pursuant to 28 U.S.C. § 1446 and § 1441(b), asserting federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. A week later, on October 30, Beard was served with process. Plaintiffs have now moved to remand, arguing that because Beard is a resident of Mississippi, and because he joined in the removal petition, then pursuant to 28 U.S.C. § 1441(b), there is a fatal defect in the removal procedure and the case must be remanded.

Section 1441(b) provides that diversity actions shall be removable "only if none of the parties in interest properly joined and served as defendants, is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Relying upon the plain language of this statute, defendants argue that a Mississippi resident defendant must be served before removal is prohibited by § 1441(b). Plaintiffs, on the other hand, argue that whether served or not, Beard's presence precludes removal under § 1441(b). In the court's opinion, defendants are correct.

There is no question but that the presence of a defendant who is a citizen of the same state as the plaintiff destroys complete diversity and, therefore, federal jurisdiction. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992) ("The diver-

sity statute requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants.") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Further, the law is clear that the citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a).[1] That is to say, "an action based on state law cannot be removed to federal district court if any nondiverse defendant is joined in the complaint, even if the nondiverse defendant was never served." *Worthy v. Schering Corp.*, 607 F.Supp. 653, 655 (E.D.N.Y. 1985); *see also Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690, 692 (D.S.C.1987) (stating that "removal is improper, in a case . . . where a non-served

resident defendant would defeat diversity and the resident defendant has not been formally dropped from the action proper to removal.");[2] 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723, at 624–25 3d ed.1998 (where nondiverse defendant has been named but not served, the case may not be removed until that party actually has been dismissed from the case). This rule has been established since *Pullman Co. v. Jenkins*, 305 U.S. 534, 541, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939), in which the Supreme Court wrote:

> [W]here a non-separable controversy involves a resident defendant . . . the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant. It may be said that the non-resident defendant may be prejudiced because his co-defendant may not be served. On the other hand there is no diversity of citi-

---

1. *See, e.g., Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n, Local 159*, 714 F.2d 342 (4th Cir.1983) ("Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served."); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir.1981) ("Despite the joined and served provision of section 1441(b), the prevailing view is that the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety removal."); *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969) ("[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Rushing v. Dan River, Inc.*, No. Civ. 1:00CV00395, 2000 WL 1456292, *2 (M.D.N.C. Sept.6, 2000) ("[R]egardless of whether an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b), the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists,"); *In re Norplant Contraceptive Products Liability Litigation*, 889 F.Supp. 271, 274 (E.D.Tex.1995) ("Section 1441(b) . . . did not change the removal requirement

set forth in [*Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939)] that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants regardless of service."); *Thigpen v. Cheminova, Inc.*, 992 F.Supp. 864, 871 (S.D.Miss.1997) (recognizing that "service of process irrelevant in the initial determination of diversity").

2. The court in *Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690 (D.S.C.1987) reasoned that to hold otherwise would be to "impliedly reject the requirement that a case, to be removable, needs to be one which could have been brought in the federal courts in the first instance," and the further "requirement that removability vis-a-vis diversity must be determined from the face of the complaint." *Id.* at 692. That is because if diversity of citizenship were determined by reference to service of process, a diverse defendant could effectively create federal jurisdiction by removing prior to service on a nondiverse co-defendant. Thus, rejection of the notion that service is determinative of diversity "avoids any potential expansion of the court's jurisdiction beyond the clear mandate of 28 U.S.C. § 1332." *Id.*

zenship, and the controversy being a nonseparable one, the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected. It is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove.

■ However, while the *Pullman* rule applies in determining whether there is complete diversity, § 1441(b), upon which defendants rely, relates to *removability* rather than the broader issue of whether diversity exists; and, in accordance with the plain language of § 1441(b), courts have held, virtually uniformly, that where, as here, diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability under 28 U.S.C. § 1441(b). *See McCall v. Scott*, 239 F.3d 808, 813 n. 2 (6th Cir. 2001) ("Where there is complete diversity of citizenship, . . . the inclusion of an un-

served resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."); *Brown v. Kyle*, No. 3:01CV660BN (S.D.Miss. March 23, 2002) ("The plain language of § 1441(b) clearly indicates that improperly joined or unserved defendants do not affect the removability of a case into a federal forum embracing their state of citizenship provided that the prerequisites for diversity jurisdiction are otherwise satisfied.").[3]

Plaintiffs' argument herein ignores this crucial distinction between what is relevant in the ascertainment of whether diversity of citizenship exists and the separate inquiry of whether the case is removable; the cases on which they rely on in support of their motion go to the former issue, not the latter. Thus, in this case, as in *Wensil v. E.I. DuPont De Nemours and Company*, 792 F.Supp. 447 (D.S.C.1992),

The authorities relied upon by the plaintiffs are inapposite to the facts of this case.[4] In each of the cases cited, the unserved resident co-defendant also destroyed diversity jurisdiction. Courts

---

**3.** *See also In re Bridgestone/ Firestone, Inc.*, 184 F.Supp.2d 826, 828 (S.D.Ind.2002) (in case where complete diversity clearly existed, court held that "[s]ection 1441(b) would have precluded removal ... only if [resident of forum state] had been properly served, and [since] it had not been served at the time Ford filed the removal petition," case was removable); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326, at *1 (N.D.Ill. 1999) (holding that "[t]he plain language of Section 1441(b) indicates that an action may be removed unless a *properly joined and served* defendant is a resident of the State in which the action was initiated," and reiterating that "[t]he plain language of § 1441(b), particularly in light of the 1948 amendment inserting the language 'and served', precludes removal on the basis of the presence of resident defendants only when those defendants were properly joined and served at the time of removal"); *Recognition Communications, Inc. v. American Automobile Assoc., Inc.*, No. Civ. A. 3:07–CV–0945–P, 1998 WL 119528, *3 n. 3 (N.D.Tex.1998) (where presence of complete diversity appeared from the complaint, stating, in dicta, that the presence of a resident

defendant did not render the case unremovable, for "if Plaintiff had served one of the non-resident Defendants, this case would have been properly removed by the served Defendant under Section 1441(b), regardless of the presence of a resident defendant"); *Republic Western Ins. Co. v. International Ins. Co.*, 765 F.Supp. 628, 629 (N.D.Cal.1991) (in case where complete diversity of citizenship existed as no named defendant had the same citizenship as the plaintiff, holding that " 'a resident defendant who has not been served may be ignored in determining removability' ") (quoting 14B C. Wright, A. Miller, E. Cooper, *Federal Practice and Procedure* § 3723, at 341 (2d ed.1985)); *Windac Corp. v. Clarke*, 530 F.Supp. 812, 813 (D.Neb.1982) (when a defendant has not been served, citizenship in the forum state does not defeat removal jurisdiction).

**4.** Those cases are *Zaini v. Shell Oil Co.*, 853 F.Supp. 960, 963 (S.D.Tex.1994), in which the court stated that "the provision in § 1441(b) concerning joined and served defendants does not require the Court to disregard the citizenship of the foreign defendants *in determining*

have routinely held that Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction. *See, Workman v. National Supaflu Systems, Inc.,* 676 F.Supp. 690 (D.S.C.1987).

The rationale underlying the cases cited by the plaintiff does not apply in this instance. An action, to be removable, must be one which could have been brought in federal court. 28 U.S.C. § 1441(a). Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served. *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159,* 714 F.2d 342 (4th Cir.1983). Section 1441(b) is a limitation on removal jurisdiction, rather than a mechanism for expanding diversity jurisdiction. Thus, courts have refused to permit removal under Section 1441(b), when the complaint reveals that complete diversity is lacking. Here, however, there is complete diversity between all plaintiffs and all defendants. Section 1441(b) is not being used to expand diversity jurisdiction.

*Id.* at 448 (footnote added). *See also Republic Western,* 765 F.Supp. at 629 (stating that *"Pullman* stands for the proposition that the presence of a nondiverse, unserved defendant will destroy removability unless that party is dismissed from the action," and concluding that "[t]he *Pull-*

*man* line of cases is inapplicable to [cases where] complete diversity between the parties exists"); *Maple Leaf,* 1999 WL 1101326, at *1–2 (distinguishing cases cited by the plaintiff therein on the basis that "in each of the [cited cases] the nonserved resident defendants destroyed diversity").[5]

Based on the foregoing, the court finds no merit to plaintiffs' suggestion that the presence of an unserved resident defendant, who otherwise does *not* destroy diversity, precludes removal under § 1441(b). *See Maple Leaf Bakery,* 1999 WL 1101326, at *2.

Plaintiffs contend further that removal is defective in any event since Beard, a resident defendant, joined in the notice of removal. However, in the court's opinion, while certainly odd and unnecessary, it appears that Beard's joinder in the removal petition does not render the removal defective. Neither, in the court's opinion, may his joinder in the removal petition constitute a "voluntary appearance" that could be properly be equated with service of process, particularly since a necessary premise of the removal notice was the lack of service of process on Beard. *Cf. Windac Corp. v. Clarke,* 530 F.Supp. 812, 813 (D.Neb.1982) (holding that although the resident defendant had not been formally served prior to removal, the resident defendant had made a voluntary appearance in state court and therefore jurisdiction was not proper under § 1441(b)). Accordingly, plaintiffs' suggestion to the contrary is rejected.[6]

whether diversity jurisdiction exists even though those defendants have not yet been served with process," (emphasis added), and *Everett v. MTD Prods., Inc.,* 947 F.Supp. 441, 443–44 (N.D.Ala.1996), in which the plaintiff was an Alabama resident and the presence of Alabama resident defendant destroyed diversity, whether or not he was served.

5. Wright, Miller & Cooper have observed that the apparent inconsistency between the rules regarding unserved defendants under

§ 1441(a) and § 1441(b) "is unfortunate and can only be justified in terms of the nondiverse party's presence being a more fundamental defect in subject matter jurisdiction than is the presence of a local defendant in violation of Section 1441(b)." 14B Wright, Miller & Cooper, § 3723 at 625.

6. The court is aware of plaintiffs' contention that Beard's counsel's postremoval conduct should be deemed to constitute a waiver of any objection to service of process. The court

For the foregoing reasons, it is ordered that plaintiffs' motion to remand is denied.

is not persuaded that this bears on the propriety of removal.