STAN WINSTON CREATURES, INC.
and Stan Winston, Plaintiffs,

v.

TOYS "R" US, INC., Warren Kornblum, Andrew R. Gatto, Greg Staley, John Eyler, James Feldt and Does 1–25, inclusive, Defendants.

No. 02 Civ. 9809(GEL).

United States District Court,
S.D. New York.

April 17, 2003.

Dennis M. Rothman, Lester, Schwab, Katz & Dwyer, L.L.P., New York City, Christopher I. Ritter, Haight, Brown & Bonesteel, L.L.P., Los Angeles, CA, for Plaintiffs Stan Winston Creatures, Inc., and Stan Winston.

Mark L. Weyman, Joel S. Tennenberg, Anderson Kill & Olick, P.C., New York City, for Defendants Toys "R" Us, Inc., Warren Kornblum, Andrew S. Gatto, Greg Staley, John Eyler and James Feldt.

### OPINION AND ORDER

LYNCH, District Judge.

Plaintiffs Stan Winston and his company, Stan Winston Creatures, Inc. ("SWC"),

creators of Hollywood film industry special-effects creatures, sued defendants Toys "R"Us, Inc. ("Toys"), and various executives and unknown agents of that company, in the Supreme Court of the State of New York, alleging that defendants engaged in fraud and breached a contract concerning the marketing and sales of toy action figures based on the plaintiffs' creations.

Defendants removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). Plaintiffs now move pursuant to 28 U.S.C. § 1447(c) to remand the case to state court, contending that the presence of a served New York resident defendant defeats removal jurisdiction under 28 U.S.C. § 1441(b). Defendants oppose the motion to remand, arguing that the New York defendant (a) was not properly served; and (b) was fraudulently joined. For the following reasons, plaintiffs' motion to remand is granted.[1]

### BACKGROUND

Stan Winston, an individual residing in California, is an award-winning creator of special-effects creatures for the film industry, and owns 100% of the stock of SWC, a company organized under the laws of California that has its principal place of business in that state. Defendant Toys is a Delaware corporation with its principal place of business in New Jersey. None of the Toys executives named in the complaint (the "Executive Defendants") are residents of California, and one of them, John Eyler, is a resident of New York.

The instant lawsuit concerns an agreement between plaintiffs and defendants to market, promote and sell toys based on creatures created by the plaintiffs. Plaintiffs filed a complaint in the Supreme Court of the State of New York on or about November 15, 2002. A copy of the summons and complaint was served upon Eyler by leaving the documents with an employee at his office in Paramus, New Jersey, on November 18, 2002, and by mailing a copy of the documents to that office on November 22, 2002. Plaintiffs filed proof of service with the Clerk of the state court on December 11, 2002. Defendant Toys filed a notice of removal one day later, on December 12, 2002, stating that the motion was not filed on behalf of Eyler or of any of the other Executive Defendants because "service as to them is not complete." (Notice of Removal ¶ 5.) Plaintiffs' motion for remand was filed one week later, on December 19, 2002.

### DISCUSSION

#### I. Legal Standard for Remand

■ When the removal of an action to federal court is contested, "the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir.1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Out of respect for the independence of state courts, and in order to control the federal docket, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991) (*citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)).

■ An action based on state law is removable to federal court when the district court would have original diversity jurisdiction (because the amount in contro-

---

**1.** Defendants have also moved to dismiss for failure to state a cause of action. Because the case must be remanded, the Court does not reach the issues presented by that motion.

versy exceeds $75,000 and, *inter alia,* there is complete diversity of citizenship between plaintiffs and defendants), 28 U.S.C. § 1332; when none of the parties properly joined and served at the time of removal are residents of the forum state, 28 U.S.C. § 1441(b); and when the plaintiff has not attempted to defeat removal by fraudulently "joining as defendants parties with no real connection with the controversy," *Pampillonia v. RJR Nabisco, Inc.,* 138 F.3d 459, 461 (2d Cir.1998).

### A. *Subject Matter Jurisdiction under 28 U.S.C. § 1332*

■ It is well established that an action based on state law cannot be removed to federal court if any non-diverse defendant is joined in the complaint, regardless of whether that defendant has been served. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939). In this case, there is complete diversity among the parties, since both plaintiffs, and none of the named defendants, are citizens of California. It is undisputed that the amount in controversy exceeds $75,000. Thus, the requirements for subject matter jurisdiction are met.

### B. *Removability under 28 U.S.C. § 1441(b)*

■ In addition to the original jurisdiction requirements of 28 U.S.C. § 1332, a diversity case is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Plaintiffs argue that this statute precludes removal here, since defendant Eyler is a New York resident. Defendants respond, however, that § 1441(b) is not an obstacle to removal because Eyler, the only defendant resident in New York, was not "properly joined and served" at the time of removal.

Defendants do not dispute that Eyler was served in November 2002, in accord with New York CPLR § 308(2),[2] by leaving a summons and complaint addressed to him at his office, and mailing a summons and complaint to him there. However, CPLR § 308(2) further provides that "service shall be complete ten days after [the] filing [of proof of service with the court]." Defendants argue that under this provision, since proof of service was filed on December 11, service would only be perfected on December 21. Accordingly, they contend, service on Eyler was not perfected before Toys filed its notice of removal on December 12, 2002.

Notwithstanding plaintiffs' efforts to dispute the proposition, the language of § 1441(b) makes plain that its prohibition on removal applies only where a defendant who has been "properly joined *and served*" is a resident of the forum state. "[I]n accordance with [that] language ..., courts have held, virtually uniformly, that where, as here, [complete] diversity does exist between the parties, an unserved resident defendant may be ignored in determining removability." *Ott v. Consolidated Freightways Corp.,* 213 F.Supp.2d 662, 665 (S.D.Miss.2002). *See also* 14B Wright, Miller & Cooper, *Federal Practice and Procedure* § 3723 at 624 (3d ed. 1998) ("[T]he language in Section 1441(b) ...

---

**2.** The "leave and mail" provision of CPLR § 308(2) permits personal service, *inter alia,* by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and by ... mailing the summons by first class mail to the person to be served at his or her actual place of business ..., such delivery and mailing to be effected within twenty days of each other.

CPLR § 313 provides that the same methods used to serve process on a defendant in New York must also be used when service is made outside New York, as it was here.

implies that a resident defendant who has not been served may be ignored in determining removability."). Plaintiffs essentially confuse the situation involving resident defendants whose presence does not defeat complete diversity, which is controlled by the precise jurisdictional language of § 1441(b), with the quite different question of "the presence of a defendant who is a citizen of the same state as the plaintiff," which "destroys complete diversity and, therefore, federal jurisdiction." *Ott*, 213 F.Supp.2d at 663. In the latter case, "the law is clear that the citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists." *Id.* at 664.

■■■ The issue before this Court is thus whether Eyler was properly served at the time of removal. This is a question of federal law. "Federal law obviously determines whether the elements of removal jurisdiction have been satisfied." 14B Wright, Miller & Cooper, § 3721, at 299. "The removal statute which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied." *Shamrock*, 313 U.S. at 104, 61 S.Ct. 868. The purpose of the "joined and served" requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve. Defendants are entitled to act to remove a case based on the circumstances at the time they are sued, and are not required to guess whether a named resident defendant will ever be served.

In this case, however, the resident defendant, Eyler, was clearly served, in any ordinary sense of the word, when process was delivered to his office in accordance with CPLR § 308(2) in November, and all parties (including his employer, the removing corporate defendant Toys) were on notice of that service when proof of it was filed in state court on December 11—before the notice of removal was filed.[3] Federal court jurisdiction is not dependent on the technicality of New York state procedure requiring ten days after filing proof of service for service to be deemed "complete."

This is especially so where New York law is itself ambiguous about whether Eyler can be considered for various purposes to have been "served." The Appellate Division has held that "a process server's sworn affidavit of service ordinarily constitutes prima facie evidence of *proper service* pursuant to CPLR 308(2)." *Bankers Trust Company of California, N.A. v. Steve Tsoukas*, 303 A.D.2d 343, 756 N.Y.S.2d 92, 94 (2d Dep't 2003) (citations omitted) (emphasis added). Moreover, both federal and state courts have found that even the complete "failure to file proof of service is a mere irregularity, non-jurisdictional in nature, which may be corrected by an order *nunc pro tunc.*" *Durant v. Traditional Investments, Ltd.*, No. 88 Civ. 9048(PKL), 1990 WL 135731, at *3 (S.D.N.Y. Sept.12, 1990); *Haegeland v. Massa*, 75 A.D.2d 864, 427 N.Y.S.2d 887 (2d Dep't 1980) (finding that a defendant had been "properly served" under CPLR § 308(2) where plaintiff had delivered and mailed process to defendant, but had completely neglected to file proof of service.) Indeed, in *Haegeland*, the Appellate Division ruled that a default judgment had been properly entered notwithstanding the

---

**3.** Plaintiffs have submitted the process servers' sworn affidavits attesting to the service upon Eyler by delivery to a person at Eyler's office and by mail. (Rothman Decl. Ex. B.) Defendants do not contest these affidavits, and in fact they are also attached to defendants' own motion papers. (Tennenberg Decl. Ex. B.)

failure of the plaintiff to "complete" service by filing, where the defendant had been properly served by "leaving and mailing" under § 308(2). Service that is sufficiently "complete" under state law to justify entry of a default judgment is certainly sufficient under federal law to put defendants on notice that a resident defendant is being sued, and to preclude removal under § 1441(b).[4]

### C. *Fraudulent Joinder*

■ Defendants contend in the alternative that removal is not precluded even if Eyler was "served," because Eyler was fraudulently joined as a defendant in order to prevent removal. The Second Circuit has held that "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia*, 138 F.3d at 460–61. "Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged.'" *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (citations omitted; brackets in original) (*quoted in Whitaker v. Am. Telecasting, Inc. et al.*, 261 F.3d 196 (2d Cir.2001)).

Here, plaintiffs have named five senior executives of Toys, including Eyler, its Chairman of the Board and Chief Executive Officer, in a complaint alleging business torts including fraud and negligent misrepresentation relating to contracts between the Toys and SWC. The complaint alleges that Eyler was involved in the negotiations between the parties (Compl. ¶ 15), in the course of which various mis-representations were made to plaintiffs (*Id.* ¶ 17). Other executives allegedly involved in these negotiations, who were neither New York nor California residents and whose presence thus has no jurisdictional effect, are also named as defendants, and nothing on the face of the complaint suggests that plaintiffs named the individual defendants in bad faith.

■ Defendants argue that plaintiffs cannot state a cause of action against Eyler, because, among other arguments, "[i]t is well established under New York law that 'a corporate officer or director is liable for the torts of the corporation only when he or she knowingly participated in the wrong or, in the case of fraud, had knowledge of the misrepresentation.'" *Simon v. Castello*, 172 F.R.D. 103, 106–07 (S.D.N.Y.1997), *quoting American Feeds & Livestock Co. v. Kalfco, Inc.*, 149 A.D.2d 836, 540 N.Y.S.2d 354, 355 (3d Dep't 1989). Whether or not the complaint adequately alleges such participation and knowledge, however, are properly resolved on a motion to dismiss, not on a motion for remand. A "defendant may not use removal proceedings as an occasion to adjudicate the substantive issues of a case." 14B Wright, Miller & Cooper, § 3721 at 331. In order to show that a defendant was fraudulently joined to defeat removal, it is not sufficient to argue that the complaint fails to state a claim against that defendant; rather, the removing party "must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the . . . defendant

---

4. Similarly, courts have regularly disregarded "technicalities of state law as to the completion of service of process in the state court in which the action was originated" in determining when the defendant was served for the related purpose of determining the timeliness of removal, "just as state law generally is disregarded when questions relating to removal are considered." 14C Wright, Miller & Cooper, § 3732, at 290–92.

in state court." *Pampillonia*, 138 F.3d at 461. "[I]n general there need be only a possibility that a right to relief exists under the governing law to avoid a finding of fraudulent joinder." 14B Wright, Miller & Cooper, § 3723 at 638. Whatever the underlying merits of plaintiffs' claims against Eyler, defendants have not demonstrated that it is legally impossible for Eyler to be held liable under New York law. Thus, the Court cannot find that Eyler was fraudulently named as a defendant.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is granted, and the case is remanded to the Supreme Court of New York for the County of New York.

SO ORDERED.