**Robert WORKMAN, Plaintiff,**

v.

**NATIONAL SUPAFLU SYSTEMS, INC. and Carolina Supaflu, Inc., Defendants.**

**Civ. A. No. 4:86–2857–15.**

United States District Court, D. South Carolina, Florence Division.

May 27, 1987.

Reginald C. Brown, Jr., Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield, Florence, S.C., for plaintiff.

Finley B. Clarke, Clarke & Johnson, Florence, S.C., for defendant Nat. Supaflu Systems, Inc.

## ORDER

HAMILTON, District Judge.

This matter is before the court upon the plaintiff's motion to remand this case to the Court of Common Pleas, Marion County, South Carolina, pursuant to the provisions of 28 U.S.C. § 1447(c). Plaintiff asserts that the court lacks diversity jurisdiction. 28 U.S.C. § 1332. The suit arises out of certain renovation work performed by the defendants on fireplaces, chimneys, and flues in a home owned by the plaintiff. National Supaflu Systems, Inc. (hereinafter National) is a New York corporation with its principal place of business in Walton, New York. Carolina Supaflu, Inc. (hereinafter Carolina) is a South Carolina corporation with its principal place of business in Marion County, South Carolina. Plaintiff is a resident and citizen of Mullins, South Carolina.

The procedural history of the case is as follows: The plaintiff filed his summons and complaint in the Court of Common Pleas for the County of Marion, South Carolina on September 29, 1986. The summons and complaint were served on National's statutory agent for service of process (the Secretary of State) on October 6, 1986. National[1] filed a petition for removal, on November 4, 1986, citing diversity of citizenship as the *sole* ground for removal.[2] 28 U.S.C. § 1441(b). On November 7, 1986, Richard K. Milne, as agent for Carolina, was served, by certified mail, with the summons and complaint. He was then personally served on November 10, 1986. Plain-

---

1. The removal petition and associated material are ambiguous as to whether the petition was filed by National and Carolina or only by National. At the May 20, 1987, oral argument on this motion, National's counsel advised the court that the petition was brought solely by National. National's counsel also stated that if subsequent inquiry revealed that Carolina had joined in the removal petition, the court would be so informed. As of the date of this order, National's counsel has not contacted the court regarding this matter. Consequently, the court assumes, as the record would seem to indicate, that the removal petition was filed solely by National.

2. National asserted that because Carolina had not been served at the time the removal petition was filed, they could be ignored for the purpose of determining diversity jurisdiction. *Duff v. Aetna Cas. and Sur. Co.,* 287 F.Supp. 138 (D.C. Okl.1968); and cases collected at 14A, Wright, Miller and Cooper, *Federal Practice and Procedure:* § 3723 note 56. For the reasons contained in the body of this order, the court holds that, in a diversity case, the fact that a resident defendant in a non-separable controversy has not been served does not justify removal by the non-resident defendant. *Pullman Co. v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939); *Morris v. Vitek,* 412 F.2d 1174 (9th Cir. 1969); *Armstrong v. Monex,* 413 F.Supp. 567 (N.D.Ill.1976); and cases collected at 1A Moore's *Federal Practice,* ¶ 0.168[3–2].

tiff subsequently moved the court to remand the case, stating that the case had been improvidently removed due to the lack of complete diversity. 28 U.S.C. § 1447(c), 28 U.S.C. § 1332. Shortly thereafter, National filed its opposition to the motion to remand alleging in pertinent part that a resident defendant who has not been served with process may be ignored in determining removability and, in addition, that Carolina was a nominal defendant and should not be considered for the purpose of determining diversity jurisdiction.[3]

National cites, *Duff v. Aetna Cas. & Sur. Co., supra,* for the proposition that a resident defendant who has *not* been served with process may be ignored in determining removability. The court recognizes that there is a split of authority concerning this issue. However, for the reasons which follow, it is the opinion of the court that the better view is still that as expressed in *Pullman v. Jenkins,* 305 U.S. 534, 541, 59 S.Ct. 347, 350, 83 L.Ed. 334 (1939). *Pullman* held that in a non-separable controversy involving a resident defendant, the fact that the resident has not been served with process does not justify removal by the non-resident defendant. *Id.* The continued vitality of this rule has been questioned in light of the 1948 amendments to 28 U.S.C. § 1441(b).[4] However, numerous courts[5] continue to adhere to the rule in *Pullman,* and for the reasons which follow, that rule is persuasive authority and therefore adopted by this court.

Initially, and by way of background, the court notes that an action is not removable unless it is one which could have originally been brought in federal court. 28 U.S.C. § 1441; *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159,* 714 F.2d 342 (4th Cir.1983). To be removable, federal jurisdiction must be ascertainable from the face of the complaint. *Id.* at 345. As a general rule, statutes authorizing removal are to be strictly construed against removal jurisdiction. *Auto Ins. Agency, Inc. v. Interstate Agency, Inc.,* 525 F.Supp. 1104, 1106 (D.S.C.1981). Additionally, a district court should resolve doubts regarding removability in favor of non-removal. *Id.* at 1106.

Should the court accept National's position, i.e. that a non-served resident defendant may be ignored for jurisdictional purposes in determining removability, it would impliedly reject the requirement that a case, to be removable, needs to be one which could have been brought in the federal courts in the first instance. The court would also implicitly reject the requirement that removability vis-a-vis diversity must be determined from the face of the complaint. Additionally, numerous jurisdictional problems discussed in Moore, *supra,* can be avoided if this court adheres to the *Pullman* view. Also, adherence to the *Pullman* position avoids any potential expansion of the court's jurisdiction beyond the clear mandate of 28 U.S.C. § 1332. In summation, and for the reasons stated above, the court concludes that removal is improper, in a case such as this one, where a non-served resident defendant would defeat diversity and the resident defendant

---

**3.** Although National captioned its memorandum "Motion to Dismiss Carolina Supaflu, Inc.", only one ground not in the original removal petition was raised in the memorandum, i.e. Carolina's possible status as a nominal defendant. *Burns v. Carolina Power & Light Co.,* 193 F.2d 525 (4th Cir.1951). Because the court has determined that this case was improvidently removed and should be remanded to the state court, the court does not address those issues which do not go to the propriety of removal.

**4.** Under the 1948 Judicial Code, Section 1441(b) provides that diversity cases 'shall be removable only if none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought.' Thus, defendants who are not served may be

ignored, both for jurisdictional purposes and for the purpose of joining in the petition for removal.

14A Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3731, *but see, Id.* at § 3723, pp. 319–321, (quoted below.)

A party whose presence would destroy diversity must be formally dropped as a matter of record to permit removal. It is insufficient, for example, that service of process simply has not been made on a nondiverse party, the case may not be removed until that party actually has been dismissed.

**5.** See cases in, 1A Moore's *Federal Practice,* ¶ 0.168[3–2].

has not been formally dropped from the action prior to removal. *A fortiori*, because, at the time of removal, Carolina was a non-served resident defendant who would defeat diversity and had not been formally dropped from the action prior to removal, this case must be remanded absent a finding that Carolina is a nominal defendant.

■ Any argument that Carolina is a nominal defendant or was fraudulently joined is without merit. A defendant is nominal if there is no arguably reasonable basis for predicting that state law might impose liability on the [resident] defendant under the facts alleged. There need only be a possibility that a right to relief exists to avoid that conclusion. *McAllister v. Chesapeake & Ohio Railway*, 243 U.S. 302, 310, 37 S.Ct. 274, 277, 61 L.Ed. 735 (1917). To decide this possibility one needs to look at applicable state law. *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir. 1980). If no cause of action exists, the joinder is fraudulent and the lack of diversity will not bar removal. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir.1979).

■ In this case, plaintiff has pled, *inter alia*, an action against Carolina for negligent repair of his home. Although it is unclear if the relationship between National and Carolina is that of principal and agent or contractor and independent contractor, this does not matter, as liability may be imposed on Carolina in either case. The law is clear that if a person enters upon the performance of a contract, negligent performance, i.e. performing the duties in an improper manner, can result in negligence liability. *Edwards of Byrnes Downs v. Charleston Sheet Metal Co.*, 172 S.E.2d 120, 253 S.C. 537 (1970) (negligent roof repair). If the relationship between National and Carolina is one of principal and agent, the law of South Carolina holds both the principal and agent liable for the agents torts committee in the scope of his agency. *State ex rel McLeod v. C & L Corp., Inc.*, 280 S.C. 519, 313 S.E.2d 334 (App.1984). If the relationship is contractor and independent contractor, then only Carolina would be liable for *its* separate torts. *Duane v. Presley Const. Co., Inc.*,

244 S.E.2d 509, 270 S.C. 682 (1978). In either case, it is clear Carolina may be liable under state law and hence is not a nominal party. In view of the above, the court finds that Carolina is, was, and always has been a viable South Carolina corporation, one that destroys the complete diversity of parties mandated by this court's jurisdictional grant. 28 U.S.C. § 1332.

For the foregoing reasons and based on the cited authorities, this case is remanded to the Court of Common Pleas for the County of Marion, State of South Carolina. The Clerk of this court is directed to forward the file along with a certified copy of this order to the Clerk of Court for Marion County.