Roger WENSIL and Norma
Wensil, Plaintiffs,

v.

E.I. DUPONT DE NEMOURS AND COM-
PANY, B.F. Shaw Company, Blount
Brothers Inc., Blount Inc., Alfred O.
White, Jr., Charles Wilde, Tommy Cha-
veous, Dessie Earl Johns, Dennis Du-
Bois, and Dennis Gregory, Defendants.

Civ. A. No. 1:92–0500–19.

United States District Court,
D. South Carolina,
Aiken Division.

May 29, 1992.

Stephen J. Henry, Greenville, S.C., Dan-
iel I. Oshtry, Stephen M. Kohn and Michael
D. Kohn, Washington, D.C., for plaintiffs.

Richard J. Morgan, Columbia, S.C., Jay
D. St. Clair, Birmingham, Ala., for defen-
dants.

ORDER

SHEDD, District Judge.

The issue before the Court is whether
defendants, in a diversity action, can re-
move the action to federal court before
service is effected upon co-defendants who
reside in the state where the action was
filed. Plaintiffs filed a motion to remand,
arguing that removal was improper under
28 U.S.C. § 1442(b). The defendants argue
that the residence of unserved co-defen-
dants should not be considered under Sec-
tion 1442(b).

The Court concludes that Section 1442(b)
allows removal of this diversity action, be-
cause the defendants removed the action to
federal court before the South Carolina res-
ident co-defendants were served.

FACTS

Plaintiffs, who are residents of West Vir-
ginia, filed an action in South Carolina
state court against E.I. DU PONT DE
NEMOURS AND COMPANY (hereinafter
"DU PONT"), and BLOUNT BROTHERS
CORPORATION (hereinafter "BLOUNT
BROTHERS"). DU PONT and BLOUNT
BROTHERS are not residents of either
South Carolina or West Virginia, for pur-
poses of diversity jurisdiction. The Com-
plaint also names eight other defendants,
all of whom are alleged to reside in South
Carolina. Thus, there is complete diversity
of citizenship between all plaintiffs and all
defendants.

BLOUNT BROTHERS, with the consent
of DU PONT, timely filed a notice of re-
moval on February 18, 1992. As of that
date, none of the other defendants had
been served with the Complaint. On or
about March 7, 1992, plaintiffs served at
least one South Carolina resident defen-
dant.

DISCUSSION

Section 1441(b) provides that diversity
actions shall be removable "only if none of
the parties in interest properly joined and
served as defendants is a citizen of the
State in which such action is brought." 28
U.S.C. § 1441(b). The defendants rely
upon the plain language of this statute and
argue that a South Carolina resident defen-
dant must be *served* before removal is pro-
hibited by Section 1441(b).

Plaintiffs argue that the presence of the
unserved resident defendants precludes re-

moval under Section 1441(b). Plaintiffs cite to *Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690 (D.S.C.1987), and other similar cases in support of their position. *See e.g. Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1159 (8th Cir.1981); *Preaseau v. Prudential Insurance Co. of America*, 591 F.2d 74, 78 (9th Cir.1979); *Oliver v. American Motors Corp.* 616 F.Supp. 714, 717 (E.D.Va.1985); 1A *Moore's Federal Practice and Procedure* PO.161, at 449 (2d Ed.1981); C. Wright, A. Miller & E. Cooper, 14 *Federal Practice and Procedure* § 3723, at 597 (1st Ed.1976).

The authorities relied upon by the plaintiffs are inapposite to the facts of this case. In each of the cases cited, the unserved resident co-defendant also destroyed diversity jurisdiction. Courts have routinely held that Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served, if joinder of the resident defendant defeats diversity jurisdiction. *See, Workman v. National Supaflu Systems, Inc.*, 676 F.Supp. 690 (D.S.C.1987).

The rationale underlying the cases cited by the plaintiff does not apply in this instance. An action, to be removable, must be one which could have been brought in federal court. 28 U.S.C. § 1441(a). Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served. *Hunter Douglas Inc. v. Sheet Metal Workers Intern. Ass'n. Local 159*, 714 F.2d 342 (4th Cir.1983). Section 1441(b) is a limitation on removal jurisdiction, rather than a mechanism for expanding diversity jurisdiction. Thus, courts have refused to permit removal under Section 1441(b), when the complaint reveals that complete diversity is lacking. Here, however, there is complete diversity between all plaintiffs and all defendants. Section 1441(b) is not being used to expand diversity jurisdiction.

Plaintiffs contend that *Workman*, and the other cases cited above, ignore the "and served" requirement of Section 1441(b) when the unserved resident defendant destroys diversity jurisdiction. Likewise, plaintiffs argue, this Court should ignore the "and served" language because application of the service requirement will defeat the policy of preventing resident defendants from removing diversity actions to federal court.

Courts are obligated to give effect, if possible, to every word used by the legislature. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979). Here, Congress chose the phrase "properly joined and served" and this Court should not adopt an interpretation of the statute which renders the "and served" provision superfluous. Further, *Workman* and similar cases, do not ignore the "and served" language contained in Section 1441(b). Rather, section 1441(b) does not apply to *Workman* and similar cases, because there is no federal court jurisdiction. Those type of cases are decided under Section 1441(a), which provides that civil actions brought in state court of which the federal courts have original jurisdiction may be removed. The residency limitation of Section 1441(b) is not triggered unless, and until, there is diversity jurisdiction.[1]

In the absence of a clearly expressed legislative intent to the contrary, unambiguous statutory language must be given its plain meaning. *United States v. Blackwell*, 946 F.2d 1049, 1052 (4th Cir.1991). Section 1441(b) unambiguously states that diversity actions "shall be removable only

---

1. Section 1441(a) provides, in part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." 28 U.S.C. § 1441(a). Section 1441(b) provides that federal question actions may be removed without regard to citizenship of the parties. Further, "any other such action shall be removable only if none of the parties in interest properly joined and served as defen-

dants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

Reading these two provisions together, it is clear that Section 1441(b)'s reference to "any other such action" is directed to diversity actions removable under Section 1441(a). Section 1441(b)'s requirement of "properly joined and served" only applies when the federal court has original jurisdiction grounded on complete diversity.

if none of the parties in interest properly joined *and served* as defendants is a citizen of the State in which such action was brought." 28 U.S.C. § 1441(b) (emphasis added). The statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists. *See* Wagstaff, *Federal Civil Procedure Before Trial* ¶ 2:625 (5th Cir. Edition 1991).

The Court recognizes that the plaintiffs are being deprived of their original choice of forum merely because the South Carolina defendants are served after the non-resident defendants. However, this fortuitous result could have been prevented by serving a South Carolina resident defendant first.

## CONCLUSION

Section 1441(b) allows removal of diversity actions when none of the defendants properly joined and served is a resident of the state in which the action is filed. At the time of removal, none of the defendants served was a resident of South Carolina and there was complete diversity between all plaintiffs and all defendants. Although the Complaint names numerous South Carolina resident defendants who were not served at the time of removal, their residency is not to be considered for purposes of removal under Section 1441(b). Removal of this action by the non-resident defendants was proper.

THEREFORE, IT IS HEREBY ORDERED THAT plaintiffs' motion to remand is denied.

IT IS SO ORDERED.