**TEST DRILLING SERVICE CO., Plaintiff,**

v.

**The HANOR COMPANY, et al., Defendants.**

No. 03–3063.

United States District Court, C.D. Illinois, Springfield Division.

May 27, 2003.

William S. Thomas, Rabbitt Pitzer & Snodgrass, St. Louis, MO, for Plaintiff.

Edward W. Dwyer, Thomas G. Safley, Hodge, Dwyer & Zeman, Springfield, IL, for Defendants, Hanor Co.

Robert E. Gillespie, John E. Nolan, Raylene D. Grischow, Hinshaw & Culbertson, Springfield, IL, for Defendants, Pig Improvement and Agri–Waste Technology.

Richard F. Clough, Anne Clough, McDonald Strickland & Clough, Carrollton, IL, J. Michael Grier, Christopher K. Snow, Warden Triplett Grier, Overland Park, KS, for Defendants, Terracon.

Kenneth A. Slavens, Samuel M. Wendt, Brown & James, St. Louis, MO, for Defendants, Envirotech Engineering.

Daniel C. Murray, William A. Geiser, Keith L. Gibson, Johnson & Bell, Chicago, IL, for Defendants, GSE Lining.

Curt J. Schlom, Daniel Tranen, Wilson, Elser, Moskowitz, Edelman & Dicker, Chicago, IL, for Defendants, Hog Slat.

### ORDER

SCOTT, District Judge:

This matter comes before the Court on Plaintiff Test Drilling Service Company's ("TDSCO") Objection to Defendant's Notice of Removal of Civil Action (d/e 13). For the reasons stated below, TDSCO's objection is overruled.

On October 9, 2002, TDSCO filed a Complaint in the Circuit Court of the Seventh Judicial Circuit, Greene County, Illinois.[1] The actions in the Complaint all center around alleged environmental contamination from commercial hog confinement facilities in Greene County, Illinois. The Complaint names nine Defendants, and contains forty-eight separate counts. Each count of the Complaint alleges a violation of Illinois law. The Complaint includes allegations of statutory nuisance, common law nuisance, trespass, statutory water pollution violations, regulatory violations, negligence, negligence per se, and fraudulent misrepresentation.

The Complaint states that Plaintiff TDSCO is a Missouri corporation, with its principal place of business in St. Louis, Missouri. The Complaint also sets forth the citizenship of each Defendant. The Hanor Company ("Hanor") is a North Carolina corporation. The Pig Improvement Co., Inc. ("PIC") is a Kentucky corporation. Agri–Waste Technology ("Agri–Waste") is a North Carolina corporation. Terracon, Inc. is an Iowa corporation. Barry Smith Enterprises, Inc. is an Oklahoma corporation. Lloyd Jones Construction is an Illinois company, with an address of 37 Lake Wind Drive, Springfield, Illinois, according to the Complaint. Envirotech Services, Inc. ("Envirotech") is an Oklahoma corporation. GSE Lining Technology, Inc. is a Delaware corporation. Hog Slat Construction, Inc. is a North Carolina corporation. *Compl.* ¶¶ 20–29. According to the Notice of Removal, all the Defendants have their principal place of business in states other than Missouri.[2] *Notice of Removal,* ¶¶ 6–14.

On March 4, 2003, TDSCO submitted Answers to Hanor's First Set of Interrogatories. *Notice of Removal,* Tab D. When asked about TDSCO's contacts with Lloyd Jones Construction, TDSCO referred to an affidavit signed by Loyd (not Lloyd) Jones and a letter from Loyd Jones' counsel. *Answer to Hanor's First Set Interrogato-*

---

1. A copy of the Complaint is attached as Tab A to Defendant Agri–Waste's Notice of Removal (d/e 1).

2. The Notice of Removal does not state the principal place of business of Barry Smith Enterprises. Barry Smith Enterprises, an unserved Defendant, is an Oklahoma corporation, according to the allegations in the Complaint, ¶ 23.

*ries,* ¶ 6. Loyd Jones lives at 37 Lake Wind Drive, Springfield, Illinois. The affidavit states that Loyd Jones was served with process on October 18, 2002. According to paragraph 25 of the Complaint, Lloyd Jones Construction is a contractor or subcontractor involved in the construction of Hanor's and PIC's commercial hog confinement facilities in Greene County, Illinois. However, in his affidavit, Loyd Jones states he has never done business as "Lloyd Jones Construction," nor has he engaged in any phase of a construction project involving a commercial hog confinement. He states that he is a sole proprietor engaged in the residential and commercial remodeling business primarily in Sangamon County, Illinois. TDSCO has since conceded that it has served the wrong "Lloyd Jones." *See Plaintiff's Objection to Defendant's Notice of Removal of Civil Action,* (d/e 13), ¶ 11. Lloyd Jones Construction still has not been served with process in this action.

In the interrogatory, Hanor asked TDSCO to state the evidence which formed the basis of its complaint against Lloyd Jones Construction, and Hanor asked for all documents, facts, circumstances and evidence on which TDSCO relied in filing the complaint against Lloyd Jones Construction. TDSCO answered the interrogatory by referring to an attached letter from the Illinois Environmental Protection Agency ("IEPA") which stated that Lloyd Jones Construction was responsible for placement of straw bales and silt fencing, light grading, and seeding and strawing at a Hanor commercial hog confinement facility in Greene County. *Answer to Hanor's First Set Interrogatories,* ¶¶ 2, 3. When asked about every act or omission of Lloyd Jones Construction that caused damages, TDSCO referred to the allegations in the Complaint and the IEPA letter. *Id.* ¶ 5. TDSCO reserved the right to supplement this answer, noting that discovery continues.

On March 26, 2003, Defendant Agri–Waste filed Notice of Removal of Civil Action (d/e 1) with this Court. Attached to the Notice was a consent to removal signed by representatives of each of the Defendants except for Lloyd Jones Construction and Barry Smith Enterprises. *Notice of Removal,* Tab C. As stated above, Lloyd Jones has not been served with process. Barry Smith Enterprises also has not been served with process. Agri–Waste has attached to the Notice of Removal a letter from the Greene County Circuit Clerk's Office stating that summons on Barry Smith Enterprises was returned with no service. *Id.* Tab F. Agri–Waste also has attached an affidavit from Mike Shults, who is a deputy sheriff of Kingfisher County, Oklahoma. *Id.* Shults states that he was unable to serve Barry Smith, or any agents of Barry Smith Enterprises, Inc. Shults said that he received information that Barry Smith lives in Kentucky.

In the Notice of Removal, Agri–Waste argues that Lloyd Jones Construction was fraudulently joined in an effort to prevent removal. The Complaint alleges that Lloyd Jones Construction provided siltation control services, and allowed or caused contaminants in the form of leachate contaminated with bacteria and other pollutants and animal waste into the environment. The Complaint also alleges that Lloyd Jones Construction had a duty to control the leachate at the hog confinement facility. Agri–Waste argues that the Defendants learned, from TDSCO's answer to interrogatory, that the only information on which TDSCO based its allegations against Lloyd Jones Construction was the content of the IEPA letter. Agri–Waste contends that since TDSCO relies only on the IEPA letter, it has no genuine claim against Lloyd Jones Construction, and the company was added solely to defeat removal. *Notice of Removal,* ¶¶ 17–18. Further, the

Notice states that Lloyd Jones Construction, the only home-state Defendant, has not been served, making removal appropriate. *Id.*, ¶ 16.

TDSCO objects to removal, arguing that it can state a claim against Lloyd Jones Construction and that joinder was not fraudulent. TDSCO contends that Defendants have not demonstrated complete diversity of citizenship, and the matter should be remanded. In its response to TDSCO's objection to removal, Agri–Waste states that removal was proper because complete diversity was demonstrated by the allegations in the Complaint, and the only Illinois Defendant, Lloyd Jones Construction, had not been served at the time of removal. Therefore, the presence of an unserved home-state Defendant does not defeat removal under 28 U.S.C. § 1441(b).

## ANALYSIS

A defendant may remove an action filed in state court to a United States District Court if that District Court has original jurisdiction. 28 U.S.C. § 1441(a). For diversity purposes, the United States District Court has original jurisdiction if the amount in controversy exceeds $75,000, exclusive of interest and costs and if each plaintiff is a citizen of a State other than a State of which any defendant is a citizen. 28 U.S.C. § 1332. However, in actions that do not involve a federal question, the action is removable only if none of the defendants properly joined and served is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b). A notice of removal shall be filed within 30 days of the defendant's receipt of the complaint. 28 U.S.C. § 1446(d). However, if the case for removal is not apparent on the face of the complaint, notice of removal may be filed within 30 days of the defendant's receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable...." 28 U.S.C. § 1446(b).

At the time the Complaint was filed, complete diversity of citizenship existed; TDSCO is a Missouri citizen, and no Defendant is a Missouri resident. However, the action was not removable at that time because the Complaint indicated Lloyd Jones Construction was a citizen of Illinois, the state in which the action was filed. 28 U.S.C. § 1441(b).

On March 4, 2003, Defendants received TDSCO's Answers to Hanor's First Set of Interrogatories. It was then that the Defendants contend they learned that Lloyd Jones Construction was fraudulently joined in an attempt to defeat removal. That is also when the Defendants learned, from the affidavit of Loyd Jones of Springfield, Illinois, that the "real" Lloyd Jones Construction Co. had not been served with process. Defendant Agri–Waste filed a Notice of Removal on March 26, 2003. Agri–Waste attached forms to its Notice of Removal indicating consents to removal submitted from all Defendants who had been properly served at that time. All Defendants who had been properly served, with the exception of Envirotech, had also filed Consents to Removal with this Court as separate docket entries.

TDSCO contends that Defendants have failed to demonstrate complete diversity of citizenship of Defendants in this matter; thus, remand to state court is proper. The face of TDSCO's Complaint establishes diversity of citizenship. Plaintiff TDSCO is a Missouri corporation with its principal place of business in St. Louis, Missouri. None of the Defendants are citizens of Missouri. At the time the Complaint was filed, Defendants were prevented from removing this action, not because of lack of diversity, but because one of the Defendants, Lloyd Jones Construction, was a citizen of Illinois, the state in which

the action was brought. 42 U.S.C. § 1441(b). Once the other Defendants learned that Lloyd Jones Construction had not been properly served, the action became removable because there was no citizen of Illinois who had been properly served as a Defendant. The presence of an unserved Defendant who is a citizen of the forum state does not prevent removal when complete diversity exists. *McCall v. Scott*, 239 F.3d 808 n. 2 (6th Cir.2001); *Wensil v. E.I. Dupont De Nemours and Co.*, 792 F.Supp. 447, 449 (D.S.C.1992); *Maple Leaf Bakery v. Raychem Corp.*, No. 99 C 6948, 1999 WL 1101326 (N.D.Ill. Nov. 29, 1999).

Agri–Waste also contends that TDSCO has no legal basis for its claims against Lloyd Jones Construction. It asserts that Lloyd Jones Construction was fraudulently joined in an effort to prevent removal. However, the Court will not address this issue since removal is otherwise proper. Complete diversity exists because Lloyd Jones Construction, the only Illinois Defendant, has not been properly served.

THEREFORE, TDSCO's Objection to Defendant's Notice of Removal of a Civil Action (d/e 13) is OVERRULED. TDSCO's request to remand this matter to the Circuit Court of Greene County, Illinois, is DENIED. This Court retains jurisdiction over this matter.

IT IS THEREFORE SO ORDERED.