Vika VAKA, individually and as personal representative of the estate of Tevita Holani Maka, deceased, et al., Plaintiffs,

v.

EMBRAER–EMPRESA BRASILEIRA DE AERONAUTICA, S.A., a foreign corporation for profit, et al., Defendants.

No. 01–3144–CIV..

United States District Court, S.D. Florida, Miami Division.

Dec. 12, 2003.

Steven C. Marks, Esq.; Podhurst Orseck, P.A., Miami, FL, Gerald C. Sterns, Esq., Sterns & Walker, Oakland, CA, for Plaintiffs.

John R.W. Parsons, Esq., Law Offices of John R. Parsons, P.A., Miami, FL, Stephen R. Stegich, Esq., Condon & Forsyth, New York City, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF DIVERSITY JURISDICTION AND TO DISMISS CLAIMS OF THE INDIVIDUAL PLAINTIFFS PURSUANT TO RULE 12(c)

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss for Lack of Diversity Jurisdiction and to Dismiss Claims of the Individual Plaintiffs, filed September 8, 2003.[1] On September 25, 2003, Plaintiffs filed their Response. On October 3, 2003, Defendants filed their Reply.

Plaintiffs include Ms. Vaka, both as an individual and in her capacity as personal representative of the estate of decedent Mr. Maka, and several of the decedent's

---

1. On October 16, 2003, Defendants filed their Motion to Dismiss for Forum non Conveniens.

surviving children. Plaintiffs have brought wrongful death and survival actions against Defendants under Florida Statutes § 768.20. In their current Motion, Defendants argue that Plaintiffs' Complaint should be dismissed for lack of diversity jurisdiction, which is the sole alleged basis of subject matter jurisdiction. Specifically, Defendants argue that because one Plaintiff[2] and one Defendant[3] are aliens for purposes of determining diversity, complete diversity does not exist. Defendants argue in the alternative that those Plaintiffs who have sued in their individual capacities lack standing under Florida law to bring wrongful death or survival actions. In their Response, Plaintiffs argue that complete diversity does exist because Ms. Vaka should not be deemed an alien for purposes of this case.

■ Diversity jurisdiction exists where there is complete diversity among the parties—that is, no plaintiff may be a citizen of the same state as any defendant. *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Similarly, diversity jurisdiction does not exist if any plaintiff and any defendant are both aliens. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir.1989). To avoid classification as an alien for purposes of determining diversity, at minimum an individual must attain permanent residency status. *See Foy v. Schantz, Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1348–49 (11th Cir.1997). Therefore, an individual who possesses a visa that confers only temporary resident status remains an alien for diversity purposes. *See id.; see also Melian v. I.N.S.*, 987 F.2d 1521, 1525 (11th Cir.1993) (holding that the holder of a B–2 visa, which is issued to temporary visitors for business or pleasure, is not a U.S. domiciliary). Moreover, for purposes of

determining diversity of citizenship, a decedent's personal representative is deemed a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2); *Palmer v. Hospital Auth. of Randolph County*, 22 F.3d 1559, 1562 (11th Cir.1994).

In addition, under Florida law, only a decedent's personal representative may bring survival and wrongful death claims. FLA. STAT. § 768.20 (stating that "the action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate ..."); *McKibben v. Mallory*, 293 So.2d 48, 54 (Fla.1974); *See Thompson v. Hodson*, 825 So.2d 941, 951 (Fla. 1st DCA 2002).

■ In the instant case, complete diversity is lacking because one Plaintiff and one Defendant are both aliens for diversity purposes. Both sides acknowledge that Defendant Embraer–Empresa Brasileira de Aeronautica, S.A. is an alien corporation. Moreover, Plaintiff's decedent was a citizen of Tonga and therefore was an alien as well. Plaintiff's decedent possessed a B–1/B–2 visa, but this visa permitted only a temporary stay in the United States and thus did not confer permanent resident status. Therefore, Ms. Vaka is deemed an alien in her capacity as personal representative of decedent's estate. It is irrelevant that Ms. Vaka herself is a citizen of California. In addition, Ms. Vaka is the only Plaintiff who may bring this suit, and she may only sue in her capacity as personal representative.

Plaintiff argues that this Court should follow the Tenth Circuit's ruling in *Tank v. Chronister*, which held that 28 U.S.C. § 1332(c)(2) does not apply to wrongful

---

**2.** Defendants argue that Plaintiff Ms. Vaka is an alien in her capacity as personal representative of the estate of decedent.

**3.** Defendant Embraer–Empresa Brasileira de Aeronautica, S.A. is a foreign corporation.

death claims in Kansas and declined to confer the decedent's citizenship upon the plaintiff.[4] 160 F.3d 597 (10th Cir.1998). But under Kansas law, there is no requirement that the decedent's personal representative serve as the lone plaintiff in wrongful death actions. KAN. STAT. ANN. § 60–1902 (2002). In fact, Kansas law prohibits wrongful death suits by decedents' personal representatives. *Id.* Only heirs may file such suits, and the decedent's estate may not recover. *Id.* By contrast, in Florida, the decedent's estate may recover in a wrongful death claim. FLA. STAT. § 768.20 (1997).

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and to Dismiss Claims of the Individual Plaintiffs be, and the same is hereby, GRANTED. Plaintiffs' Complaint is DISMISSED. It is further

ORDERED and ADJUDGED that this case be, and the same is hereby, REMANDED to the Seventeenth Judicial Circuit Court in and for Broward County, Florida.[5] It is further

ORDERED and ADJUDGED that Defendant's Motion to Dismiss for Forum non Conveniens be, and the same is hereby, DENIED as moot.

---

4. Plaintiff also cites this Court's ruling in *Estate of Cabello v. Fernandez–Larios,* Case No. 99–0528–CIV (2001). However, in *Cabello,* this Court never reached the issue of diversity jurisdiction and instead found subject matter jurisdiction under the Alien Tort Claims Act. Moreover, nowhere in the *Cabello* decision did this Court hold that § 1332(c)(2) does not apply to the personal representative of an estate. The decision merely quoted the Tenth Circuit's holding in *Tank* that § 1332(c)(2) is inapplicable to those who *do not* represent an estate. 160 F.3d at 599 (emphasis added).

5. This case was previously one of eight (8) consolidated cases arising out of the same facts. On August 7, 2003, pursuant to Defendants' Suggestion to Dismiss, dated May 9, 2003, this Court remanded the other seven (7) cases to the Seventeenth Judicial Circuit Court in and for Broward County, Florida. The Court only retained jurisdiction over this case because as of that time, Defendants had raised no objection to diversity jurisdiction.